STRAUSS, Appellant, v. MURRAY, Respondent. (City Court of New York, General Term. November 21, 1899.) Action by Emanuel Strauss against Edward A. Murray, as marshal. From a judgment for defendant, and an

order denying a motion for a new trial, plaintiff appeals. Affirmed. Uriah W. Tompkins, for appellant. William Henry Knox, for respondent.

CONLAN, J. This is an appeal from a judgment entered upon a verdict, and from an order denying a motion for a new trial. The action was for damages for conversion, and was originally commenced in the Seventh district court of New York City, and removed to this court by order. One Heymen Israel was in debt to one Cohen, and the latter recovered judgment thereon February 21, 1896. On February 24th execution was issued upon such judgment to the defendant herein as marshal, and he, on the morning of that day, levied upon the Israel stock of goods, in a store in Park avenue, New York City. On the same day Israel undertook to sell the goods to his wife, and she, in turn, by a bill of sale dated February 24th, the same day undertook to sell to the plaintiff herein, the consideration expressed being $100. The value of the goods, as testified to, was between $225 and $240. The plaintiff undertook to make a sale of the goods at auction, but by some arrangement between him and the marshal the former's auctioneer was permitted to make the sale, which he did, and turned over the proceeds to the plaintiff, who handed them to the marshal, or laid them upon a table, and permitted the latter to take therefrom the amount of the execution, viz. $96.24. So that we have property of the alleged value of $225 or $240, sold by bill of sale for $100, and subsequently sold at auction and $96.24 realized thereon, and, in addition thereto, a further sum of about $17, and the alleged purchaser under the bill of sale consenting to a sale by the marshal, and permitting him to apply so much of the proceeds to satisfy the execution in his hands as was sufficient for that purpose. The question of real ownership was fairly submitted to the jury, and there was no exception to that portion of the charge, and the charge, on the whole, was eminently fair to the plaintiff. We have been unable for any reason to find that error was committed upon the trial or in the presentation of the case to the jury, and are of the opinion that the judgment and order appealed from should therefore be affirmed, with costs to respondent. All concur.